UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARK CANADY,

                                  Plaintiff,

                                        v.

U OF R/STRONG MEMORIAL MEDICAL
CENTER, et al.,

                                  Defendants.
_____

<u>DECISION AND ORDER</u>

21-CV-6223L

       Plaintiff Mark Canady, appearing *pro se*, filed the complaint in this action on March 8, 2021. He asserts claims against two defendants, U of R/Strong Memorial Medical Center ("UR"), and Union 1199 SEIU ("the Union"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

       UR and the Union have separately moved to dismiss plaintiff's claims against them, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motions are granted.

## DISCUSSION

       By way of background, Canady is no stranger to this Court. He was employed for some years by the University of Rochester ("UR"), and worked at Strong Memorial Hospital. Over the past several years, he has brought a series of cases against UR and the Union, generally involving plaintiff's allegations that they discriminated against him on account of his race. All those cases

have been dismissed. *See Canady v. Union 1199/SEIU*, No. 20-CV-6575, 2021 WL 1097853 (W.D.N.Y. Mar. 22, 2021), *appeal filed* (2d Cir. Apr. 22, 2021); *Canady v. Union 1199*, 253 F.Supp.3d 547 (W.D.N.Y. 2017), *aff'd*, 736 F.App'x 259 (2d Cir. 2018) (three consolidated cases).

In the more recent of those two decisions, this Court denied plaintiff's motion to amend the complaint to add retaliation claims in connection with his termination from employment on October 16, 2020. In so doing, the Court noted that plaintiff was terminated "for issues related to his work performance," and that "plaintiff has a history of misconduct and performance deficiencies dating back to 2019." The Court also noted that summonses in that case were not issued until October 21, 2020, five days *after* plaintiff's termination, and were returned executed the following month, and that plaintiff had "alleged no facts indicating that defendants were aware of this lawsuit on the date of his termination, or plausibly suggesting that retaliatory motives had anything to due with his discharge." 2021 WL 1097853, at *2.

Plaintiff's present lawsuit arises out of his October 16, 2020 termination. He alleges that UR terminated him in retaliation for his prior Title VII complaints, and that the Union did not adequately represent him. He claims that the Union did so in retaliation for plaintiff's having engaged in protected activity under Title VII. (Dkt. #1 at 11.)

Plaintiff filed administrative charges against UR and the Union with the Equal Employment Opportunity Commission ("EEOC") on or about November 25, 2020. (Dkt. #1 at 17, Dkt. #5-2 at 6.) The EEOC subsequently dismissed the charges, stating in part that plaintiff's "complaint fails to create a credible inference that [he was] retaliated against" by UR or the Union. (Dkt. #1 at 13, 14.) Plaintiff then brought this action in this Court.

Both motions to dismiss are granted. Based on the above recitation of the background, it hardly seems necessary to lay out the reasons in much detail. This Court has already found plaintiff's allegations to be without merit, in its March 22, 2021 Decision and Order in Case No. 20-cv-6575, familiarity with which is assumed here. Plaintiff's allegations in the present complaint add nothing of substance to his allegations in that action, and come no closer to stating a viable claim.

Plaintiff does not appear to allege a Title VII discrimination claim in this action, but to the extent that the complaint could be read as asserting such a claim, the Court also considered and rejected such a claim in its March 22 decision, stating that "simply falling into a protected category is not enough" to state a Title VII claim. 2021 WL 1097853, at *1.[1]

## CONCLUSION

The motions to dismiss filed by U of R/Strong Memorial Medical Center (Dkt. #5), and Union 1199 SEIU (Dkt. #8) are granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
July 13, 2021.

---

[1] As the Court noted in that decision, plaintiff has alleged in some of his other cases that he is African American. He has not expressly alleged such in this action, or that he falls into some other protected category.